## Emil Sanboeuf, Appellee, v. Murphy Construction Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

### Statement of the Case.

Action by Emil Sanboeuf, plaintiff, against the Murphy Construction Company, defendant, for personal injuries sustained by plaintiff while employed as a laborer for defendant. From a judgment for plaintiff for four hundred dollars, defendant appeals.

THOMAS C. ANGERSTEIN, W. C. CONNETT and P. K. JOHNSON, for appellant.

DAN McGLYNN, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 119*—*how declaration charging should be drawn.* In drawing a declaration charging negligence, it is not necessary, even if it is proper, to allege alone a duty on the part of defendant to do certain things, but facts must be alleged from which the law will raise a presumption of such duty.

2. MASTER AND SERVANT, § 538*—*when declaration sufficiently alleges duty on part of master to provide safe place.* In an action for personal injuries sustained by a workman employed in the erection of a building, whose duty it was, while standing on a platform beside a chute for concrete, to accelerate the movement of the concrete, and who, having stepped into the chute for such purpose and finding that the chute was beginning to sag because of its

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Sanboeuf v. Murphy Construction Co., 202 Ill. App. 548.

weight, got out on the platform beside the chute and was knocked down by it as the chute fell, a declaration which alleged that the plaintiff was employed by the defendant, that the chute was dangerous and unsafe, that employees were required to work in the chute, that the chute frequently got clogged so that employees would have to get into it to accelerate the movement of the concrete, that such condition was known or could have been known to the defendant by the exercise of proper diligence and that, while the plaintiff was in the chute moving the concrete, it gave way by reason of its being unsafe, *held* sufficient to show an obligation on the part of the defendant to make the chute safe.

3. MASTER AND SERVANT, § 137*—*when doctrine of safe place to work is applicable.* In an action for personal injuries sustained by an employee in the erection of a building, whose duty it was, while standing on a platform beside a chute for concrete, to accelerate the movement of the concrete, and who, having stepped into the chute for such purpose and finding that it was beginning to sag because of its weight, got out upon a platform and was knocked down by the chute as it fell, *held* that the rule making it the duty of a master to furnish the servant with a safe place to work applied.

4. WORKMEN'S COMPENSATION ACT, § 2*—*when question of duty of master to furnish servant with safe place to work is immaterial.* In an action for personal injuries by a servant against his master, who has failed to come under the Workmen's Compensation Act, the question whether it was the duty of the master to furnish the servant with a safe place to work was immaterial, since he is precluded from taking advantage of the defense of assumed risk and contributory negligence.

5. MASTER AND SERVANT, § 770*—*when refusal to direct verdict for plaintiff in action for personal injuries is proper.* In an action for personal injuries sustained by a workman employed in the erection of a building, whose duty it was, while standing on a platform by a chute for concrete, to accelerate the movement of the concrete, and who, having stepped into the chute for such purpose and finding that it was beginning to sag because of its weight, got out on the platform and was knocked down by the chute as it fell, *held* that the trial court did not err in refusing to direct a verdict for the defendant, and that the evidence was sufficient to sustain the verdict.

6. TRIAL, § 276*—*when interrogatory is properly refused as inapplicable.* In an action for personal injuries by a workman employed in the erection of a building, whose duty it was, while standing on a platform beside a chute for concrete, to accelerate the movement of the concrete, and who, having stepped into the chute

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for such purpose and finding that it was beginning to sag because of its weight, got out upon a platform and was knocked down by the chute as it fell, *held* that a special proposed interrogatory reading, "Was the work upon which defendant was engaged at the time of the plaintiff's alleged injury a work of construction of a building or other structure, which was undergoing changes and passing successive temporary conditions which, from the very nature of construction were dangerous?" was properly refused, as, on the facts, the case was not one where the rule requiring the master to furnish the servant a safe place to work did not apply.

7. TRIAL, § 276*—*when special interrogatory calling for answers as to evidentiary facts is properly refused.* It is not erroneous to refuse a special interrogatory calling for answers as to evidentiary facts only, instead of ultimate facts.

8. INSTRUCTIONS, § 126*—*when properly refused as abstract.* The refusal to give instructions stating abstract propositions of law is not erroneous.

9. DAMAGES, § 132*—*when verdict for damages for personal injuries is not excessive.* A verdict of four hundred dollars awarded a laborer, engaged in the construction of a building, for injuries, consisting of a sprained wrist and a cut on his leg below the knee several inches long, *held* not so excessive as to warrant the reversal of a judgment in his favor.